# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

RODERICK SULLIVAN; JOSEPH
MONTGOMERY; STEPHEN
MORREALE; STEVE MORRISON;
JAMES MORROW; JOANNE
MOSKOWITZ; CATHLEEN
MOUZAKIS; DEBORAH
MUELLER; ELAINE M. MUNTIS;
ANDREW SMILY MYERS;
MATTHEW NELSON; MARYALICE
NICHOLS; EDWARD NICHOLSON;
TERRICO NICHOLSON; TYRONE
NORTHCUTT; MARITZA
ORTIZ; ALISHA OSBURN; JOAN
PAIVA; LELA PALMER; MARY
KATHRYN PALMER; TERREK
PARKER; EVE PARSON; BRADLEY
PARSONS; JESSICA PATCHELL;
ALMETRIUS PATE, SR.; EDNA
PAYSAN; OPAL PEARSON;
JACQUELINE PEMBERTON;
JAMES PENN; SANDRA PERRY;
SHERITA PETERS; YOLANDA
PETERSON; DESSIE PETTIGREW;
MARIA PHILLIPS; RANDY
PHILLIPS; MIKE PISHA; CAROL
PORCH; ROCKY L PRATER;
GREGORY QUICK; JOSEPH
RATAY; IESHA RAY; DONNA
RAYFORD; EDDIE RAYMOND;
PETER RAYZ; HAROLD REED;
JENNIFER RENAUD; DEBRA
REYHER; WILLIAM RHODES;
PATRICK RILEY; JASMINA
RIVERA; TYLER ROBERSON;
ROBERT MCRINA; LEANDRE
ROBERTSON; ERVIN ROBINSON;
CHARLES ROBY; MARGIE
ROEBUCK; CHARLES ROSELER;
NETHANEL ROSS; JACQUELINE
ROUSER; WILLIE ROWE;
HEATHER RUNYON; ERIK
RUSHING; CECILIA SAFRON;
LINDA SALVUCCI; MELVIN LEE

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332 and
1453

DEMAND FOR JURY TRIAL

November 10, 2022

**SANDERS, SR.; KELLY
SANDERSON; JANUARY SAWYER;
CELESTE SCHILTZ; JENNIFER
SCHNEIDER; MARSHA SCHULTZ;
SHEILA SCULLY; CHERYL SEEK;
ANNE SHEEHAN; LAPORSHA
SHELVIN;**

**ANITA DONATO, PLAINTIFF
REPRESENTATIVE FOR
RAYMOND HENRY PAOO LEVY
(DECEASED);**

**ELBERT LEWIS, PLAINTIFF
REPRESENTATIVE FOR HEDWIG
LEWIS (DECEASED);**

**RAMONA LOGSDON, PLAINTIFF
REPRESENTATIVE FOR
MADONNA LOGSDON
(DECEASED);**

**CAROL LOVRO, PLAINTIFF
REPRESENTATIVE FOR EARL
LOVRO (DECEASED);**

**LISA LOPEZ, PLAINTIFF
REPRESENTATIVE FOR JUDITH
LYNCH (DECEASED);**

**MARIANO MACIAS, PLAINTIFF
REPRESENTATIVE FOR TERESA
MACIAS (DECEASED);**

**RONDALD WAGONER, PLAINTIFF
REPRESENTATIVE FOR TONY A.
MCBRIDE (DECEASED);**

**CRISTY BROWN, PLAINTIFF
REPRESENTATIVE FOR PAUL L.
MCGAHEE (DECEASED);**

**STEVEN MCGEE, PLAINTIFF
REPRESENTATIVE FOR TAMMY
MCGEE (DECEASED);**

**CLARENCE MCKINSTRY,
PLAINTIFF REPRESENTATIVE
FOR PATRICIA MCKINSTRY
(DECEASED);**

**THOMAS MCMICHAEL,
PLAINTIFF REPRESENTATIVE
FOR TERESA RENEE
MCMICHAEL (DECEASED);**

**GEORGIA MEASIC, PLAINTIFF
REPRESENTATIVE FOR FRANK
MEASIC (DECEASED);**

**VIVIAN SHARPTON, PLAINTIFF
REPRESENTATIVE FOR
ARMANDO DIAZ MINIS
(DECEASED);**

**HOWARD MOLES, PLAINTIFF
REPRESENTATIVE FOR BEVERLY
MOLES (DECEASED);**

**CHASE WILLIAM, PLAINTIFF
REPRESENTATIVE FOR TINA
MORRIS (DECEASED);**

**YVONNE NELSON, PLAINTIFF
REPRESENTATIVE FOR
LINWOOD NELSON (DECEASED);**

**JOSEPH DURAN, PLAINTIFF
REPRESENTATIVE FOR STELLA
B. PADILLA (DECEASED);**

**BOBBY JOHNSON, PLAINTIFF
REPRESENTATIVE FOR ALBERT
PALMER (DECEASED);**

**MARCIA STAPF, PLAINTIFF
REPRESENTATIVE FOR
MARGARET PEEK (DECEASED);**

**JEANNE PETERSON, PLAINTIFF
REPRESENTATIVE FOR DAVID**

**GORDAN PETERSON (DECEASED);**

**PATSY MOORE, PLAINTIFF REPRESENTATIVE FOR RANDY PLUMSKY (DECEASED);**

**ERSEL QUEEN, PLAINTIFF REPRESENTATIVE FOR JUDY QUEEN (DECEASED);**

**ROBERTA HALL, PLAINTIFF; REPRESENTATIVE FOR ELAINE HALL REESE (DECEASED);**

**JACQUELINE RILEY, PLAINTIFF REPRESENTATIVE FOR JERALD RILEY (DECEASED);**

**PEGGY RIVERA, PLAINTIFF REPRESENTATIVE FOR FRANCISCO RIVERA (DECEASED),**

                    **Plaintiffs,**

**vs.**

**BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BOEHRINGER INGELHEIM CORPORATION; BOEHRINGER INGELHEIM USA CORPORATION; GLAXOSMITHKLINE, LLC; GLAXOSMITHKLINE HOLDINGS (AMERICAS), INC.; PFIZER, INC.; SANOFI-AVENTIS U.S. LLC; SANOFI US SERVICES, INC.,**

                    **Defendants.**

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1453, Defendants Boehringer Ingelheim

Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA

Corporation (collectively, "Boehringer Ingelheim"), GlaxoSmithKline LLC, GlaxoSmithKline

Holdings (Americas), Inc. (collectively, "GSK"), Pfizer, Inc. ("Pfizer"), Sanofi-Aventis U.S. LLC,

and Sanofi US Services, Inc. (collectively, "Sanofi") (together, "Defendants") hereby provide

notice of removal of this action, *Roderick Sullivan, et al. v Boehringer Ingelheim Pharm., Inc., et*

*al.*, Case No. DBD-CV-22-6043749-S (filed July 29, 2022) (hereinafter "*Sullivan*") from the

Superior Court of Connecticut in the Judicial District of Danbury to the United States District

Court for the District of Connecticut. As grounds for removal, Defendants state the following:

## PRELIMINARY STATEMENT

1.      On July 29, 2022, Plaintiffs filed this Complaint in the Superior Court for the

Judicial District of Danbury against manufacturers or distributors of Zantac.  The main theory of

the Complaint is the allegation that the design and formulation of Zantac caused Plaintiffs to

develop cancer.  Thereafter, counsel for Plaintiffs filed an additional eight nearly identical

complaints against the same defendants.  *See Beth Bacher, Plaintiff Representative for Paul*

*Bacher (deceased), et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, Case No. DBD-

CV-22-6043738-S (filed July 29, 2022) (hereinafter "*Bacher*"); *Jerome Jay Berkowitz, et al. v.*

*Boehringer Ingelheim Pharm., Inc., et al.*, Case No. DBD-CV-22-6044009-S (filed Aug. 24, 2022)

(hereinafter "*Berkowitz*"); *Mary Cassidy, et al., v. Boehringer Ingelheim Pharm., Inc., et al.*, Case

No. DBD-CV-22-6044174-S (filed Sept. 26, 2022) (hereinafter "*Cassidy*"); *John Corwin, et al. v.*

*Boehringer Ingelheim Pharm., Inc., et al.*, Case No. DBD-CV-22-6044206-S (filed September 29,

2022) (hereinafter "*Corwin*"); *Armando Ramos, et al. v. Boehringer Ingelheim Pharm., Inc., et al.*,

Case No. DBD-CV-22-6043741-S (filed July 29, 2022) (hereinafter "*Ramos*"); *Rafael Rolon, et*

*al. v. Boehringer Ingelheim Pharm., Inc., et al.*, Case No. DBD-CV-22-60447175-S (filed

September 26, 2022) (hereinafter "*Rolon*"); *Thomas Vazzano, et al. v. Boehringer Ingelheim*

*Pharm., Inc., et al.*, Case No. DBD-CV-22-6044212-S (filed September 29, 2022) (hereinafter

"*Vazzano*"); *Anne Yost, Plaintiff Representative for Richard Yost (deceased), et al. v. Boehringer Ingelheim Pharm., Inc., et al.*, Case No. DBD-CV-22-6043759-S (filed July 29, 2022) (hereinafter "*Yost*")  (collectively, the "Actions").  Each complaint names between 80 and 99 plaintiffs.

2.      On November 2, 2022, Plaintiffs in each case filed a motion to consolidate the Actions pursuant to § 9-5 of the Connecticut Practice Book.  That Rule expressly provides for consolidation through trial:  "Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party . . . , order that the actions *be consolidated for trial*."  *See* § 9-5(a) (emphasis added).[1]

3.      Plaintiffs' counsel have accordingly made a proposal to jointly try nine mass Complaints together involving more than 800 plaintiffs.  Defendants oppose these cases being tried together.

4.      Defendants seek removal of all nine mass Complaints to federal court.[2]  Federal jurisdiction is proper under the "mass action" provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(11)(B), 1453(b).  *See Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 588–589 (5th Cir. 2018); *Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218 (9th Cir. 2014); *Atwell v. Bos. Sci. Corp.*, 740 F.3d 1160 (8th Cir. 2013); *In re Abbott Lab'ys, Inc.*, 698 F.3d 568 (7th Cir. 2012).

## <u>VENUE AND JURISDICTION</u>

5.      Defendants remove this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1453.

---

[1] Although Plaintiffs represent in each such motion that "[a]ll Defendants consent to this proposed consolidation," they are in error in this regard.  Defendants did not consent to such relief.

[2] For ease of reference, Defendants have utilized uniform exhibit numbers across all nine Notices of Removal.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d) and 1453 because: (1) 100 or more Plaintiffs are proposed to be tried jointly due to common questions of law or fact; (2) less than two-thirds of the members of the proposed Plaintiff class in the aggregate are citizens of Connecticut; (3) at least one Plaintiff is not a citizen of the same state as at least one Defendant; (4) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (5) all other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

### A.    FACTUAL BACKGROUND

7.      On July 29, 2022, Plaintiffs filed this Complaint in the Judicial District of Danbury against Defendants that Plaintiffs allege are current and former manufacturers or distributors of Zantac.

8.      The *Sullivan* Complaint[3] includes 99 Plaintiffs from 30 states who allegedly sustained injuries as a result of ingesting prescription and/or over-the-counter ("OTC") Zantac and/or generic ranitidine—an H2 (histamine-2) blocker that decreases the amount of acid created by the stomach.  Of the 99 Plaintiffs, only a single Plaintiff—Roderick Sullivan—resides in Connecticut. *See* Ex. 3 at Ex. A.

9.      On July 29, 2022, the same day that Plaintiffs' filed the *Sullivan* Complaint, Plaintiffs' counsel filed three additional Complaints in the same venue, against the same Defendants, naming 297 Plaintiffs.  From August 24, 2022 to September 29, 2022, Plaintiffs' counsel filed an additional five complaints, naming a total of 457 Plaintiffs, in the same venue against the same Defendants.

---

[3] Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint and Summons is attached as Exhibit 3. All other processes, pleadings, and orders are attached as Exhibit 3A.

10.     Each additional complaint filed by Plaintiffs' counsel names between 80 and 99 plaintiffs. In total, the nine complaints name 853 plaintiffs from over 35 states.  As with the *Sullivan* Complaint, each names only a single Connecticut resident.  The other eight complaints also plead the same factual allegations and causes of action as the *Sullivan* Plaintiffs.  But for the identities of the individual Plaintiffs, the Complaints are substantially identical.

11.     Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the *Bacher* Complaint and Summons is attached as Exhibit 1. A true and legible copy of the *Ramos* Complaint is attached as Exhibit 2.  A true and legible copy of the *Yost* Complaint is attached as Exhibit 4.  A true and legible copy of the *Berkowitz* Complaint is attached as Exhibit 5.  A true and legible copy of the *Cassidy* Complaint is attached as Exhibit 6.  A true and legible copy of the *Rolon* Complaint is attached as Exhibit 7.  A true and legible copy of the *Corwin* Complaint is attached as Exhibit 8.  A true and legible copy of the *Vazzano* Complaint is attached as Exhibit 9.  The *Bacher, Ramos*, *Berkowitz*, *Cassidy*, *Rolon*, *Corwin*, *Vazzano* and *Yost* cases are being removed in conjunction with the *Sullivan* case.

12.     On November 2, 2022, Plaintiffs filed a Motion to Consolidate each of the nine Actions under § 9-5 of the Connecticut Practice Book, which expressly provides for consolidation of actions for trial.  Conn. Prac. Book. § 9-5(a).  Plaintiffs sought consolidation because, according to their filing, "[a]ll [nine] actions involve the same legal claims" and "[c]onsolidating these actions will allow for the court to manage all of them in an orderly and efficient manner."  Ex. 3A, Plaintiffs' Motion to Consolidate ("Pls.' Mot.").  As Plaintiffs' motion constitutes a proposal to jointly try one mass action involving more than 800 Plaintiffs, all requirements of CAFA mass-action jurisdiction are met and this motion for removal should be granted.

### B.     JURISDICTION PURSUANT TO CAFA

13.     Removal of the nine actions filed by Plaintiffs in the Judicial District of Danbury is supported by the mass-action provision of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(11)(B), 1453(b).  Under that provision, a mass action is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," and in which CAFA's other jurisdictional requirements such as minimal diversity and amount-in-controversy are met.  As demonstrated below, the requirements of CAFA are met by Plaintiffs' own admission, and this matter should therefore be removed to federal court.

### i.     Mass Action Requirement

14.     All nine cases share common questions of law or fact. Plaintiffs' motion for consolidation readily acknowledges this fact when it states that "[a]ll [nine] actions involve the same legal claims."  Ex. 3A, Pls.' Mot.  Indeed, all nine Complaints plead identical civil claims for negligence (design), negligence (failure to warn), negligent storage and transportation, negligent misrepresentation, strict liability - design defect, strict liability - failure to warn, breach of express warranties, and fraud.  *See* Ex. 1, ¶¶ 138–293; Ex. 2, ¶¶ 138–293; Ex. 3, ¶¶ 137–292; Ex. 4, ¶¶ 138–293; Ex. 5, ¶¶ 138–293; Ex. 6, ¶¶ 138–293; Ex. 7, ¶¶ 138–293; Ex. 8, ¶¶ 138–293; Ex. 9, ¶¶ 138–293.  These claims are  based on identical allegations concerning Defendants' supposed wrongdoing, including citations to  the very same medical studies. *See, e.g.*, Ex. 1, ¶¶ 22–137; Ex. 2, ¶¶ 22–137; Ex. 3, ¶¶ 21–136; Ex. 4, ¶¶ 22–137; Ex. 5, ¶¶ 22–137; Ex. 6, ¶¶ 22–137; Ex. 7, ¶¶ 22–137; Ex. 8, ¶¶ 22–137; Ex. 9, ¶¶ 22–137.  Each Plaintiff's claims will involve individual and unique issues relating to the Plaintiff's medical history, specific medical causation of the Plaintiff's claimed cancer, and the Plaintiff's doctors' decisions of when and how to use prescription and/or OTC Zantac and/or generic ranitidine.   While Defendants believe that

consolidation through trial is inappropriate given these substantial differences, the choice by Plaintiffs and their counsel to file the claims of several hundred individual plaintiffs in nine actions, and then to move to consolidate them as sharing common issues, easily satisfies CAFA's mass-action requirements for removal.

15.     By filing identical complaints—each including identical claims—in the same court within the span of a few weeks, and by then asking the state court to consolidate the cases through trial, Plaintiffs have explicitly requested the trial court to resolve their cases together.  In each of the nine cases, Plaintiffs' counsel filed a motion to consolidate Plaintiffs under one case caption. *See* Ex. 3A, Pls.' Mot.  That motion was made under § 9-5 of the Connecticut Practice Book, which provides only for consolidation for trial.  *See id.* ("Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party . . . order that the actions be consolidated for trial.").

16.     Circuit Courts have held that a plaintiff's motion to consolidate for trial is sufficient to trigger federal jurisdiction under CAFA.  For example, in *Lester v. Exxon Mobil Corp.*, plaintiffs' counsel moved to consolidate hundreds of plaintiffs into one action under a Louisiana rule that  permitted consolidation through trial.  897 F.3d 582, 585–587 (5th Cir. 2018).  In affirming CAFA jurisdiction, the Ninth Circuit relied on the fact that, just as here, the Louisiana rule "*only* permit[ted] consolidation for trial, as opposed to pretrial, purposes."  *Id.* at 588–589 (emphasis in original).  As in *Lester*, Plaintiffs' request for consolidation is a proposal for a joint trial that triggers federal jurisdiction under CAFA.  *See also Corber*, 771 F.3d 1218 (holding CAFA jurisdiction proper where plaintiffs' mass tort consolidation motion requested coordination for "all purposes"); *Atwell*, 740 F.3d 1160 (holding CAFA removal proper based on oral statements of plaintiff's counsel at hearing on consolidation implying a proposal to try the cases jointly); *In*

*re Abbott Lab'ys, Inc.*, 698 F.3d at 571–573 (holding CAFA jurisdiction proper where plaintiffs requested consolidation through trial).

      **ii.    Minimal Diversity**

17.    The minimal diversity requirement of CAFA is satisfied.  Minimal diversity requires that at least one plaintiff is not a citizen of the same state as at least one defendant.  *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(11)(A).  While Defendant Boehringer Ingelheim is a citizen of Delaware, Nevada, and Connecticut, Defendant GSK is a citizen of Pennsylvania and Delaware, Defendant Pfizer is a citizen of New York, and Defendant Sanofi is a citizen of New Jersey.  Ex. 3 at ¶ 7–14.  Only Plaintiffs Bacher, Ramos, Sullivan, Yost, Berkowitz, Rolon, Cassidy, Corwin, and Vazzano are citizens of Connecticut; the other Plaintiffs in these nine cases include hundreds of citizens of over 30 states that differ from those in which Defendants are citizens.  *See, e.g.*, Ex. 1 at Ex. A (identifying Plaintiff Asha Atkins who is a resident of Texas); Ex. 2 at Ex. A (identifying Plaintiff Elizabeth Ferreira who is a resident of Rhode Island); Ex. 3 at Ex. A (identifying Plaintiff Robert McRina who is a resident of Alabama); Ex. 4 at Ex. A (identifying Plaintiff Yolanda Williams who is a resident of Florida); Ex. 5 at Ex. A (identifying Plaintiff Gregory Akervik who is a resident of Minnesota); Ex. 6 at Ex. A (identifying Plaintiff Charles Allen who is a resident of Georgia); Ex. 7 at Ex. A (identifying Plaintiff Nathaniel Bailey who is a resident of California); Ex. 8 at Ex. A (identifying Plaintiff Tonya Acosta who is a resident of Kansas); Ex. 9 at Ex. A (identifying Plaintiff John Orouke who is a resident of Maine).[4]  Minimal diversity is therefore satisfied for the purpose of CAFA.

---

[4] A list identifying all Plaintiffs named in the Actions and their respective citizenship is attached as Exhibit 10.

### iii.    Amount in Controversy

18.    The amount-in-controversy requirement for minimal diversity under CAFA is satisfied.  "The district courts shall have original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(d)(2).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "Where the amount in controversy requirement is contested, removing defendants are required to demonstrate a reasonable probability that the aggregate claims of the plaintiff class were greater than $5 million at the time of removal.  The reasonable probability standard is particularly useful where the complaint does not contain any specific damages allegation."  *Swanson v. Lord & Taylor, LLC*, No. CIV.A. 12-10151-JLT, 2012 WL 3776450, at *2 (D. Mass. Aug. 28, 2012) (internal quotations and citations omitted).

19.    Each of the nine Complaints asserts seven causes of action, and alleges that Plaintiffs' use of Zantac and/or generic ranitidine caused cancer.  *See, e.g.*, Ex. 3 at ¶ 20.  Each Plaintiff individually "demands an amount in excess of $15,000" for actual and compensatory damages, plus unspecified exemplary and punitive damages per plaintiff.  *See* Ex. 1 at 66–67, 71 (Statement of Amount in Demand) ; Ex. 2 at 66–67, 71 (Statement of Amount in Demand); Ex. 3 at 66, 71 (Statement of Amount in Demand); Ex. 4 at 66–67, 71 (Statement of Amount in Demand); Ex. 5 at 66–67, 69 (Statement of Amount in Demand); Ex. 6 at 66–67, 69 (Statement of Amount in Demand); Ex. 7 at 66–67, 68 (Statement of Amount in Demand); Ex. 8 at 66–67, 69 (Statement of Amount in Demand); Ex. 9 at 66–67, 69 (Statement of Amount in Demand).  Accordingly, at minimum, the 853 Plaintiffs in these Actions collectively seek $12,795,000 in actual and compensatory damages alone.  Therefore, it is facially apparent from the Complaints that, when

taken together, the amount-in-controversy satisfies CAFA's aggregate threshold of $5 million in controversy. *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(11)(A), (d)(11)(B)(i).

### iv.    No Exception Applies

20.    Plaintiffs bear the burden of demonstrating that any exception to CAFA jurisdiction applies.  *See Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010).  None of the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(11)(B)(ii) apply here.

21.    Plaintiffs do not contend that all of their injuries occurred in Connecticut or in contiguous states.  *See* 28 U.S.C. § 1332(d)(11)(B)(ii).  To the contrary, Plaintiffs hail from over 35 states across the country and allege that they were injured in their home states.

22.    Plaintiffs' claims are also not being joined "upon motion of a defendant."  28 U.S.C. § 1332(d)(11)(B)(ii)(II).  While Plaintiffs' motion states that Defendants consented to the Motion to Consolidate, that is not accurate.  Defendants' counsel discussed with Plaintiffs the Plaintiffs' proposal to transfer the cases in question to Connecticut's Complex Litigation Docket.  The only matter on which Defendants consented was the appropriateness of either Hartford or Stamford in the event of such a transfer.  There was no agreement or consent regarding, Plaintiffs' subsequent motion for consolidation under Practice Book 9-5.

23.    Nor are the claims in these cases alleged on behalf of the general public "pursuant to a State statute specifically authorizing such action."  28 U.S.C. § 1332(d)(11)(B)(ii)(III).  These are private personal injury cases brought under the common law.

24.    These cases have not been coordinated only for pretrial purposes.  28 U.S.C. § 1332(d)(11)(B)(ii)(IV).  Plaintiffs' Motion to Consolidate pursuant to § 9-5 of the Connecticut Practice Book seeks to consolidate cases *through trial*. Plaintiffs' request to join together Plaintiffs' Complaints with common liability allegations through trial is sufficient to establish their

intent to be tried together for the purposes of CAFA. *See In re Abbott Lab'ys, Inc.*, 698 F.3d at 568; *Lester*, 879 F.3d 582; *Corber*, 771 F.3d 1218; *Atwell*, 740 F.3d 1160.

25.    Finally, jurisdiction is appropriate under CAFA because fewer than one-third of Plaintiffs in these nine cases—indeed barely 1%—are from Connecticut.  28 U.S.C. § 1332(d)(3). In addition, mandatory abstention is unwarranted here for the same reason.  Thus, the "local defendant" exception to CAFA does not apply here.

## PROCEDURAL REQUIREMENTS OF REMOVAL

26.    All procedural requirements for removal are otherwise satisfied.  Plaintiffs filed their respective Motions to Consolidate on November 2, 2022.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. §§ 1446(b) and (c).

27.    The United States District Court for the District of Connecticut is the federal judicial district encompassing the Superior Court for the Judicial District of Danbury where each suit was originally filed.  Venue is therefore proper in this district under 28 U.S.C. §§ 1446(a) and 1453(b).

28.    Defendants are providing Plaintiffs and the Clerk of the Superior Court of Connecticut in the Judicial District of Danbury in and for Danbury County with written notice of the filing of this Notice of Removal with as required by 28 U.S.C. § 1446(d).

29.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Defendant at the time of filing this Notice—are attached hereto as Exhibits 3 and 3A.

30.    If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and be heard at oral argument in support of removal.

31.    No previous application has been made for the relief requested herein.

Dated: November 10, 2022                    Respectfully submitted,


                                            /s/ Joseph W. Martini
                                            Joseph W. Martini (ct07225)
                                            Janna Douville Eastwood (ct26522)
                                            SPEARS MANNING & MARTINI LLC
                                            2425 Post Road, Suite 203
                                            Southport, CT 06890
                                            Tel: (203) 292-9766
                                            Fax: (203) 292-9682
                                            Email: jmartini@spearsmanning.com
                                                    jeastwood@spearsmanning.com

                                            *Attorney for Defendants Sanofi-Aventis U.S.
                                            LLC and Sanofi US Services Inc.*


                                            /s/ Robert Reginald Simpson
                                            Robert Reginald Simpson (ct15653)
                                            Lauren R. Greenspoon (ct04846)
                                            Shook, Hardy & Bacon L.L.P.
                                            185 Asylum Street, City Place, 37th Floor
                                            Hartford, CT 06103
                                            (860) 515-8901
                                            rrsimpson@shb.com
                                            lgreenspoon@shb.com

                                            *Attorneys for Defendants GlaxoSmithKline
                                            LLC*, and *GlaxoSmithKline Holdings
                                            (Americas), Inc.*

15

*/s/ James I. Glasser*
James I. Glasser (ct07221)
James O. Craven (ct18790)
WIGGIN AND DANA LLP
One Century Tower, P.O. Box 1832
New Haven, Connecticut 06508-1832
Telephone: (203) 498-4313
Facsimile: (203) 762-2889 (fax)
jglasser@wiggin.com
jcraven@wiggin.com

*Attorneys for Defendant Pfizer, Inc.*

*/s/ Jaime A. Welsh*
Patrick M. Fahey (ct13862)
Jaime A. Welsh (ct30078)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 241-5219
pfahey@goodwin.com
jwelsh@goodwin.com

*Attorneys for Defendants Boehringer Ingelheim
Pharmaceuticals, Inc., Boehringer Ingelheim
Corp., and Boehringer Ingelheim USA Corp.*

## CERTIFICATION

I hereby certify that on November 10, 2022, I served a true and correct copy of the

foregoing via electronic and/or First Class mail on the following counsel of record:

Craig A. Raabe
Robert A. Izard
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel. 860-493-6292
craabe@ikrlaw.com

Robert A. Izard
IZARD KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel. 860-493-6292
rizard@ikrlaw.com

Steven D. Resnick
PARAFINCZUK WOLF
Town Centre
3 5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel. (954) 462-6700
sresnick@parawolf.com

By:  */s/Joseph W. Martini*
      Joseph W. Martini